120 Cal.Rptr.2d 356 (2002)
98 Cal.App.4th 1316
SAN DIEGO WATERCRAFTS, INC., Plaintiff and Appellant,
v.
WELLS FARGO BANK, N.A., as Trustee, etc., Defendant and Respondent.
Nos. G025980, G026841.
Court of Appeal, Fourth District, Division Three.
May 31, 2002.
Rehearing Granted June 21, 2002.
*357 Raitt & Associates and G. Emmett Raitt, Jr., Irvine, for Plaintiff and Appellant.
Snell & Wilmer, Richard A. Derevan, Irvine, and Athena Roussos for Defendant and Respondent.

OPINION
RYLAARSDAM, J.
In reversing a summary judgment against the assignee of a lease, we hold that the court erred in considering evidence in support of the motion which was first submitted with the moving party's reply. Additionally, there are triable issues of material fact as to whether a "right of first refusal" was satisfied.

FACTS AND PROCEDURAL BACKGROUND
Defendant and respondent Wells Fargo Bank, N.A., as trustee of the Corinne Franklin trust (landlord), leased property to Brittain, Inc. (tenant), which is not a party to these proceedings. Later, tenant assigned the lease to plaintiff and appellant San Diego Watercrafts, Inc. (assignee). The lease contained a right of first refusal in favor of tenant. Assignee complains of landlord's failure to honor this right before selling the property to another entity. The trial court determined that landlord's duty to offer the property to tenant (and hence to assignee) was satisfied and thus ceased to exist when, before the assignment of the lease, tenant declined to purchase the property.
The relevant portion of the lease is entitled "Right of Negotiation to Purchase Project" and requires that before offering to sell to or accepting an offer to buy from a third party, landlord must offer the property to tenant on the same terms. It also provides that "Tenant's rights under this Section ... shall remain in effect only until such time as Tenant shall first have had the opportunity to accept Landlord's Offer under this Section ... and if Tenant does not timely and properly accept Landlord's Offer at such first opportunity, then this Section .. . shall be of no further force and effect whatsoever."
*358 When it assigned the lease to assignee, tenant warranted that the original lease had not been modified in any respect. Landlord consented to the assignment in writing and stated in that document "that all the terms, conditions, provisions and covenants of the Lease shall remain in full force and effect ...."
Six months after the assignment, landlord advertised the property for sale, specifying in its sales materials that assignee had "the first right to purchase the Subject Property." Thereafter, landlord sold the property to a third party without giving assignee the notice described in the "Right of Negotiation" provision. Based on these allegations, the complaint sought damages, specific performance, and declaratory relief.
Landlord's motion for summary judgment was based on the following: Before the assignment of the lease, landlord offered the property to tenant in connection with an aborted sale to others; tenant did not accept the offer; and landlord thereby satisfied its duty under the right of first refusal. Characterizing the provision as a "one-time right," landlord contended that at the time of the assignment of the lease to assignee, the right of first refusal had been extinguished, even though the offer which provided the basis for the earlier notice to tenant ultimately did not result in a sale of the property.
Landlord also relied on the declaration of Dawn C. Brittain, tenant's agent. She acknowledged the property had been offered to tenant before the assignment and tenant had been unable to accept the offer. Further, she believed that once the offer was declined, landlord had no further duties under the provision, and on behalf of tenant, she had signed a statement that the right of first refusal "shall have no further force and effect whatsoever."
In opposition to the motion, assignee submitted evidence that (1) four months before giving notice to tenant, landlord had begun discussing sale of the property with brokers, and (2) the notice to tenant stated a purchase price of $1,070,000, although landlord had previously advised other prospective buyers the property was available for $990,000. Assignee contended that by failing to disclose these facts to tenant, landlord had procured tenant's purported waiver of the right of first refusal by fraud. Assignee also contended the waiver was void for lack of consideration. Finally, assignee argued that because landlord never transmitted a proper offer to tenant, the right of first refusal survived.
In its reply to assignee's opposition to the motion, landlord submitted a supplemental declaration of Dawn C. Brittain, containing new facts and obviously designed to rebut assignee's evidence filed in opposition to the motion. Over assignee's objection, the court admitted this supplemental declaration.

DISCUSSION

Separate Statement Requirement
Assignee contends the trial court erred when it considered the supplemental declaration which was submitted with moving party's reply papers. We agree.
Code of Civil Procedure section 437c provides that "[n]otice of the motion and supporting papers shall be served ... at least 28 days before the ... hearing." (Code Civ. Proc, § 437c, subd. (a); all further references are to this code.) Supporting papers are "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken." (§ 437c, subd. (b).) Moving party must also "include a separate statement setting forth plainly and concisely all material *359 facts which the moving party contends are undisputed." (Ibid.)
While the code provides for reply papers, it makes no allowance for submitting additional evidence or filing a supplemental separate statement. (§ 437c, subd. (b).) This is entirely consistent with the requirement that supporting papers and the separate statement be served with the original motion. (§ 437c, subd. (a).)
In United Community Church v. Garcin (1991) 231 Cal.App.3d 327, 337, 282 Cal.Rptr. 368 (superseded by statute on another ground), the court succinctly summarized the requirement: "`This is the Golden Rule of Summary Adjudication: if it is not set forth in the separate statement, it does not exist.'" Except in a very limited circumstance not applicable here, the same procedures apply to both motions for summary judgment and motions for summary adjudication. (See Code Civ. Proc, § 437c, subd. (f); Toigo v. Town of Ross (1998) 70 Cal.App.4th 309, 324, 82 Cal.Rptr.2d 649.) Thus, the "Golden Rule" of summary adjudication applies with equal force to motions for summary judgment. The evidence in the supplemental declaration was not in the separate statement and thus was not admissible.

Material Issues of Fact
Landlord contends when the lease was assigned, its obligation to tender the property to tenant had been discharged because the right of first refusal was a "one-time right." Our decision must rest on more than such a bare contention, and we do not find what we would need in the record. Instead, there are material issues of fact regarding the right of first refusal which defeat the motion.
First, the lease provision is ambiguous. There is a question as to whether it applies at all where the offer which provides the basis for the invocation of the right of first refusal ultimately proves to be unacceptable. Moreover, the phrases "only until such time as Tenant shall first have had the opportunity to accept Landlord's Offer" and "at such first opportunity" are susceptible to at least two reasonable meanings. They may mean tenant shall be given an opportunity to buy the first time there is a potential sale, or they may mean tenant must be given the first opportunity each time there is a potential sale. The parties introduced conflicting evidence as to the meaning of the provisions, "thereby presenting a question of fact which precludes summary judgment.... [Citations.]" (Walter E. Heller Western, Inc. v. Tecrim Corp. (1987) 196 Cal.App.3d 149,158, 241 Cal.Rptr. 677.)
Next, there is a question of whether the offer landlord presented to tenant complied with the contract terms and whether it was on the same terms as those made to the prospective purchaser. If it was different from that made by a third party, the offer was in bad faith, and the tenant's right is not extinguished. (Nelson v. Reisner (1958) 51 Cal.2d 161, 169, 331 P.2d 17.) Finally, triable issues arise from the conflict between landlord's position that the right of first refusal was extinguished before the assignment and its written statement prepared for the benefit of assignee that all the lease terms remained in effect.

DISPOSITION
The judgment is reversed. Appellant shall recover its costs, including attorney fees, on appeal.
WE CONCUR: SILLS, P.J., and BEDSWORTH, J.